15-1338-cv
*Witt v. Village of Mamaroneck*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April , two thousand and sixteen.

PRESENT: RALPH K. WINTER,
RICHARD C. WESLEY,
GERARD E. LYNCH,
*Circuit Judges.*

---

DAVID WITT, KINUYO GOCHAKU WITT,

*Plaintiffs-Appellants,*

-v.-                                            No. 15-1338

VILLAGE OF MAMARONECK, NEW YORK, VILLAGE OF MAMARONECK PLANNING BOARD, ROBERT MELILLO, individually and in his official capacity as the Building Inspector,

1

*Defendants-Appellees*.[1]

FOR APPELLANTS:     David Witt, *pro se*, Long Island City, NY.

FOR APPELLEES:      Terry Rice, Suffern, NY.

Appeal from the United States District Court for the Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the March 27, 2015 order of the district court

is **AFFIRMED**.

Plaintiffs-Appellants David and Kinuyo Gochaku Witt, proceeding *pro se*,

appeal the district court's March 27, 2015 opinion and order dismissing their 42

U.S.C. § 1983 complaint.  We assume the parties' familiarity with the underlying

facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to

Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations

in the complaint as true, and drawing all reasonable inferences in the plaintiff's

[1] Although the notice of appeal was signed by David Witt alone, Federal Rule of Appellate Procedure 3(c)(2) provides that notices are considered filed on behalf of the signer and the signer's spouse, "unless the notice clearly indicates otherwise."  There being no indication to the contrary, Kinuyo Gochaku Witt is also an appealing party. Accordingly, the Clerk of Court is respectfully directed to amend the caption as written above.

favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and pleadings that "are no more than conclusions . . . are not entitled to the assumption of truth." *Id.* at 678-79.

Here, an independent review of the record and relevant case law reveals that the district court properly dismissed Appellants' claims. We affirm the district court's dismissal of the Appellants' equal protection and *Monell* claims for substantially the reasons stated by the district court in its decision. We affirm the dismissal of the Appellants' substantive due process claim on the ground that Appellants in fact obtained a variance, which authorized the continuance of

3

construction, and thus were not deprived of any protected property interest in their building permit.  Because conditions attached to a variance are entrusted to the planning board's discretion, *see* Village of Mamaroneck, N.Y., Code § 186-6(A)(5), the Appellants had no protected interest in a conditions-free variance. *See Crowley v. Courville*, 76 F.3d 47, 52 (2d Cir. 1996).

We have considered all of Appellants' arguments and find them to be without merit.  Accordingly, we **AFFIRM** the March 27, 2015 opinion and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk